## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMY WOY,                  )
                              )
         Plaintiff,          )
                              )
      v.                    )    Civil Action No. 23-2138
                              )
PITTSBURGH CARE PARTNERSHIP,  )
INC., *jointly and severally d/b/a*  )
COMMUNITY LIFE; and  UPMC SENIOR  )
COMMUNITIES, INC., *jointly and*
*severally*;

         Defendants.

## <u>MEMORANDUM ORDER</u>

Pending before the Court is Defendants' Partial Motion to Dismiss four of the five claims in Plaintiff Amy Woy's ("Woy") Second Amended Complaint ("SAC"). (Docket No. 14). Woy opposes the motion. (Docket No. 16). As explained herein, the Court will <u>grant</u> the motion.

## I.    <u>BACKGROUND</u>

Woy alleges in the SAC that she was employed as a housekeeper for Pittsburgh Care Partnership, Inc., d/b/a Community LIFE at their Bedford, Pennsylvania senior living center, starting January 31, 2022. (Docket No. 13, ¶¶ 2, 7). She alleges that during that time she was never licensed or qualified to administer patient care or assist in the same. (*Id.* ¶ 9). However, she further alleges that in the course of her employment she was often asked to assist in patient care. For instance, Woy recalls being approached by her supervisor—Vickie Brown ("Brown")—to "assist her in the shower room with a patient." (*Id.* ¶¶ 11-12). Woy was uncomfortable assisting with patient care, but Brown disregarded her concerns and asked Woy—on multiple occasions— to assist with patient-care duties. (*Id.* ¶¶ 16, 19). These duties included, *e.g.*, being asked to wash a patient's genitals, as well as drying and dressing a patient. (*Id.* ¶¶ 21-24). Woy alleges that she

and another female housekeeper were asked to perform these duties while more qualified men (*e.g.*, male drivers and social workers) were not, and that the practice was thus discriminatory. (*Id.* ¶¶ 27-29). Woy alleges that she informed her manager Kim Hughey and manager Randi Myers that she was uncomfortable performing patient care, and that she also reported the instance of sexual harassment relating to the time she was asked to help wash a patient in the shower room. (*Id.* ¶¶ 18, 30). To Woy's dismay, reporting these instances of alleged mistreatment led to retaliation rather than to relief. (*Id.* ¶¶ 36-42, 44-45, 47-50). Eventually, Woy could no longer tolerate "Defendants' pattern and practice of harassment and retaliation" against her so she tendered her "resignation" which "operated as a constructive discharge." (*Id.* ¶ 52).

After leaving Defendants' employ, Woy dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on August 2, 2023, and she received a right to sue letter from the EEOC, issued April 10, 2024. (Docket No. 15, Exhibit C). Woy now seeks to pursue relief for her alleged injuries via state and federal anti-discrimination statutes and Pennsylvania common law in five counts. In those five counts, Woy alleges that the Defendants violated: (1) Title VII's prohibition of sexual harassment and hostile work environment (**Count I**); (2) the Pennsylvania Human Relations Act's ("PHRA") prohibition of the same (**Count II**); (3) Title VII's prohibition of retaliation for protected activity (**Count III**); (4) the PHRA's prohibition of the same (**Count IV**); and (5) her Pennsylvania common law right not to be wrongfully terminated in contravention of Pennsylvania public policy (**Count V**). In their partial motion to dismiss, Defendants seek dismissal of the PHRA claims (Counts II and IV), the retaliation claims (Counts III and IV), and the Pennsylvania wrongful discharge claim (Count V). This matter is ripe for decision.

## II.   **LEGAL STANDARD**

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in a complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the Court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555). Moreover, while this standard does not require "detailed factual allegations," Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard is not so demanding as to "impose a probability requirement at the pleading stage." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

III.  **DISCUSSION**[1]

In her response to Defendants' motion, Woy agrees to voluntarily dismiss Count V and concedes that her PHRA claims in Counts II and IV were not exhausted before she sought to pursue them before this Court.  Woy having agreed to voluntary dismissal of those claims, the Court will dismiss Woy's Pennsylvania wrongful termination claim in Count V with prejudice and will dismiss her PHRA claims in Counts II and IV without prejudice for failure to exhaust them.[2]

---

[1]     The Court has excluded Woy's written complaint from its analysis of the parties' arguments, not because the Court believes its consideration of the complaint (Docket No. 15, Exhibit A) would convert Defendants' motion into a motion for summary judgment, *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004) (explaining that courts may consider "indisputably authentic documents" without so converting motions to dismiss), but because it is not necessary for the Court to consider that document to assess the sufficiency of Woy's pleadings.

[2]     Defendants point out that Woy improvidently filed and then persisted in asserting these PHRA claims despite knowing that she had not yet exhausted administrative prerequisites. (Docket No. 17 at 5). Defendants represent that they informed Woy's counsel of their intent to challenge these claims on that basis and requested that Woy voluntarily dismiss them "to avoid unnecessary motions practice," but Woy persisted in advancing those claims in her Second Amended Complaint. (Docket Nos. 17, 17-1). Defendants once again informed Woy's counsel of their intent to move to dismiss these PHRA claims, to which Woy's counsel responded: "No need for a phone call. We will look for your motion to dismiss. Thanks." (Docket No. 17-2). It was only after Defendants briefed this issue did Woy's counsel concede that these claims must be dismissed, stating that "Ms. Woy did not anticipate that Defendants would raise an objection to these counts as Ms. Woy's PHRA claims will be administratively exhausted in the coming months." (Docket No. 16, at 3-4).   Defendants "find it necessary to bring this troubling behavior to the Court's attention." (Docket No. 17 at 5) (citing Fed. R. Civ. P. 11(b) (prohibiting a party from knowingly pursuing a claim that is without merit); *Orman v. Citimortgage*, 2016 WL 1592948, at *8 (E.D. Pa. Apr. 21, 2016) (refusing to permit withdrawal of claims without prejudice because "[p]laintiffs concede[d] that the claims they have set forth in the Amended Complaint are without merit"); *Shine v. Bayonne Bd. of Educ.*, 633 Fed. Appx. 820, 824 (3d Cir. 2015) (affirming sanctions where counsel "repeated[ly] refus[ed] to withdraw an admittedly deficient document" because "Rule 11 sanctions are meant to deter precisely this form of redundant and avoidable litigation, and these sanctions were appropriately tailored by the District Court to the specific costs incurred by the Board in moving to strike."); *Holcomb v. Care One LLC*, No. 221CV20611BRMESK, 2022 WL 4300209, at *5 (D.N.J. Sept. 19, 2022) (noting that it is not "appropriate for Plaintiffs to insist on maintaining suit after being advised of such failure to satisfy threshold [exhaustion] requirements.")).  *See also* Rule 3.1 of the Pennsylvania Rules of Professional Conduct, which provides, in pertinent part: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."  It is noteworthy, too, that the Court entered a standard Order at the inception of this case directing the parties to meet and confer before filing any motions pursuant to Rule 12(b), which stated, in pertinent part: "a non-moving party's non-compliance with this Order, including failure to timely engage in the meet-and-confer process, may result in the assessment of monetary and/or nonmonetary sanctions. Those sanctions may include, but are not limited to, an assessment

Regarding Woy's claim in Count III—for retaliation in violation of Title VII—the Court will grant Defendants' motion and dismiss Woy's Title VII retaliation claim. The elements of a Title VII retaliation claim are: (1) the plaintiff's engagement in "conduct protected by Title VII"; (2) the employer's "adverse action" against the plaintiff; and (3) "a causal link" between the protected activity and the adverse action. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (citing *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir. 1994)). Defendants argue that Woy has not alleged facts showing that she engaged in protected activity, but Woy responds that her factual averments in the SAC clearly show that she "complained specifically about sexual harassment, conduct that is prohibited by Title VII," *i.e.*, engaged in protected activity. (Docket No. 16 at 5).

Eliminating the legal conclusions from the SAC, and considering the assumed-as-true facts that remain to determine whether they "plausibly give rise to an entitlement to relief" under Title VII, *Connelly*, 809 F.3d at 787 (citing *Iqbal*, 556 U.S. at 679), it is apparent that Woy has not adequately alleged protected conduct for her Title VII retaliation claim to survive Defendants' motion. In her response in opposition to the motion to dismiss, Woy argues that her allegations in Paragraphs 17, 18, 25, 30, and 33 of the SAC show that she "told her supervisors on numerous

---

of attorney's fees and costs associated with the filing of the motion to dismiss, and/or a denial of the non-movant's subsequent request for leave to amend." (Docket No. 4).

Here, there appears to have been no legitimate reason for Woy's counsel to persist in advancing these unripe PHRA claims. Rather, the proper approach for such a circumstance would be to seek leave, at the appropriate time, to amend the complaint pursuant to Fed. R. Civ. P. 15(a) once the PHRA claims ripen. It is common in this District for attorneys to inform the Court and opposing counsel at the initial case management conference of their intent to seek such amendment. While the Court will not impose sanctions at this time, it is nonetheless troubled by Woy's counsel's behavior here. In the event Woy's counsel engages in any such improvident behavior going forward, the Court would be receptive to the invocation of the process set forth in Rule 11 and the Court will not hesitate to impose sanctions if warranted.

occasions that showering nude patients made her 'uncomfortable' and that similarly situated male employees were not subjected to the same treatment." (Docket No. 16 at 5).

However, contrary to such characterization of the averments in Woy's SAC, Woy nowhere therein alleges that she complained specifically that she was made to perform uncomfortable tasks *and* that she was made to do so because of her sex. In the SAC, Woy alleges that she "told [Brown] that patient care was not in her job description, she was uncomfortable, and it was unsafe for everyone involved." (Docket No. 13, ¶ 17). Woy alleges that she "specifically told another manager … 'I do not want to do the "comfort care" thing anymore because I do not know if that is required of me, I am uncomfortable with these patients, and I do not want to do toileting or anything shower related. So, I am strictly custodial and I always was.'" (*Id.* ¶ 18). Woy further alleges that she told Brown that patient care duties "made her extremely uncomfortable and they were not within her job description as a Housekeeper." (*Id.* ¶ 25). Woy goes on to allege that she "made a report of sexual harassment regarding the shower incident" (where she was asked to assist in washing a patient's genitals) to a manager, and that this manager "requested that Ms. Woy document all incidents, including reports of sexual harassment and a hostile work environment related to the shower incident, among others." (*Id.* ¶¶ 30, 33).

These and Woy's other allegations in the SAC are conclusory and do not provide adequate alleged facts to satisfy the protected-activity element of a Title VII retaliation claim. Factual averments that reflect that a plaintiff expressed general discomfort or unfair treatment do not constitute plausibly alleged protected activity. *See Barber v. CSX Distribution Servs.*, 68 F.3d 694, 702 (3d Cir. 1995) ("However, that letter does not explicitly or implicitly allege that age was the reason for the alleged unfairness. A general complaint of unfair treatment does not translate into a charge of illegal *age* discrimination."). Though Woy alleges that her treatment was due to

her sex and that male employees were not asked to perform patient-care duties (Docket No. 13, ¶¶ 28-29), she does not allege that she expressed that concern to her supervisors or managers; rather, her only allegations that attempt to bridge that gap are entirely conclusory, *e.g.*: "Ms. Woy made a report of sexual harassment regarding the shower incident to Center Manager Randi Myers." (*Id.* ¶ 30; *see also* ¶ 33). Without specific factual averments, Woy's attempt to adequately allege activity protected by Title VII for her retaliation claim falls short. *See Brentley v. City of Pittsburgh*, No. CV 20-489, 2023 WL 8004926, at *6 (W.D. Pa. Nov. 17, 2023) (describing the plaintiff's averment that he "complained of race discrimination" as "threadbare and conclusory"), *aff'd*, No. 23-3203, 2024 WL 4691077 (3d Cir. Nov. 6, 2024). Accordingly, the Court will dismiss Woy's Title VII retaliation claim (Count III).

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant Defendants' partial motion to dismiss insofar as it will dismiss Count V with prejudice, dismiss Counts II and IV without prejudice on account of Woy's failure to exhaust those claims before the PHRC, and dismiss Count III without prejudice. The Court's dismissal of Count III is without prejudice at this time because—with respect to this Title VII retaliation claim—the Court does not presently find "undue delay, bad faith, dilatory motive, prejudice, [or] futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Court will therefore offer Woy a window for amendment should she be able to allege facts, rather than conclusions couched as such, to state a plausible claim of Title VII retaliation.

Additionally, the Court will order that UPMC Senior Communities, Inc. be dismissed as a Defendant in this matter where Woy did not respond to Defendants' representation that "Woy was never employed by UPMC Senior Communities, Inc., which is a distinct legal entity" apart from

Pittsburgh Care Partnership, Inc. d/b/a Community LIFE.  (Docket No. 15 at 1 n. 1).  *Waldor v. Saul*, No. CV 18-1165, 2020 WL 2557340, at *2 (W.D. Pa. May 20, 2020) (explaining waiver and forfeiture).  Moreover, even if Woy had responded to Defendants' argument in this regard, there are no non-conclusory factual allegations in the SAC showing that UPMC Senior Communities, Inc., employed Woy.

Accordingly, the Court enters the following Order:

AND NOW, this 21st day of March 2025, IT IS HEREBY ORDERED that Defendants' Partial Motion to Dismiss (Docket No. 14) is **granted** as follows:

1.      Plaintiff's claim at Count V (wrongful termination in violation of Pennsylvania law) is **dismissed with prejudice**.

2.      Plaintiff's claims at Counts II and IV (PHRA) are **dismissed without prejudice** because Plaintiff failed to exhaust her administrative remedies.

3.      Plaintiff's claim at Count III (Title VII retaliation) is **dismissed without prejudice** because Plaintiff failed to allege that she engaged in protected activity.

4.      All claims against UPMC Senior Communities, Inc. **are dismissed without prejudice**.

5.      If Plaintiff chooses to file an Amended Complaint within the parameters set forth by this Memorandum Order, then she shall do so by **April 4, 2025**, in which case Defendants shall file their response thereto by **April 18, 2025**.

6.      If Plaintiff does not file an Amended Complaint by **April 4, 2025**, then the claims that were herein dismissed without prejudice will be ordered **dismissed *with prejudice*** except as to those claims that the Court dismissed for lack of exhaustion.

Further, in the absence of a relevant amendment, at such time the Court will also order that Defendant UPMC Senior Communities, Inc. be terminated as a Defendant.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record